UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re:

INTERNATIONAL SHIPHOLDING
CORPORATION, et al.

                    Debtors.
------------------------------------------------------------------X
BOARD OF TRUSTEES OF THE MEBA PENSION
TRUST – DEFINED BENEFIT PLAN; BOARD OF
TRUSTEES OF THE MASTERS, MATES & PILOTS
PENSION PLAN; and BOARD OF TRUSTEES OF THE
MASTERS, MATES & PILOTS ADJUSTABLE
PENSION PLAN,

                    Plaintiffs,

                    v.

CG RAILWAY, LLC, d/b/a CG RAILWAY, INC; BULK
SHIPHOLDING, INC.; EAST GULF SHIPHOLDING,
INC.; JOHN DOE CORPORATIONS "1" THROUGH
"100" and OTHER JOHN DOE ENTITIES "1" THROUGH
"100,"

                    Defendants.
------------------------------------------------------------------X

Chapter 11
Case No. 16-12220 (SMB)

Jointly Administered

Adversary Proceeding Case
No. 19-01006 (SMB)

**PLAINTIFFS' ANSWER TO DEFENDANT CG RAILWAY, LLC'S COUNTERCLAIMS**

Plaintiffs the MEBA Pension Trust – Defined Benefit Pension Plan (the "MEBA Pension Plan"), the Masters, Mates & Pilots Pension Plan (the "MM&P Pension Plan") and the Masters, Mates & Pilots Adjustable Pension Plan (the "MM&P APP" and collectively, the "Pension Plans"), and their respective Boards of Trustees, answer the numbered paragraphs of the Counterclaims[1] (Doc. No. 9) filed by Defendant CG Railway, LLC ("CG Railway") as follows:

---

[1] Paragraphs 1 through 66 contain CG Railway's Answer to the Pension Plans' Complaint and do not require a response.

A. **Additional Background Facts**

67. The Pension Plans admit that there was a dispute between the Debtors and various MM&P and MEBA employee benefit plans (collectively, the "Licensed Officer Plans"),[2] including the Pension Plans, relating to administrative and priority claims filed by the Licensed Officer Plans in the bankruptcy. Any remaining allegations in Paragraph 1 are denied.

68. The Pension Plans admit the allegations in Paragraph 68.

69. The Pension Plans admit the allegations in Paragraph 69.

70. The Pension Plans admit the allegations in Paragraph 70.

71. The Pension Plans admit that Debtors failed to timely pay all monthly contributions owed to the Pension Plans in and around January 2016. The Pension Plans lack information necessary to respond to the remaining allegations of Paragraph 71 and, therefore, deny the same.

72. The Pension Plans admit that Debtors failed to timely pay all monthly contributions owed by the Debtors in 2016 and that Debtors filed for bankruptcy on August 1, 2016 in the Bankruptcy Proceeding. The Pension Plans lack information necessary to respond to the remaining allegations of Paragraph 72 and, therefore, deny the same.

73. The Pension Plans deny the allegations in Paragraph 73.

74. The Pension Plans deny the allegations in Paragraph 74.

75. The Pension Plans lack information necessary to respond to the allegations in Paragraph 75 and, therefore, deny the same.

---

[2] The Licensed Officer Plans include the MM&P Benefit Plans (consisting of Plaintiffs MM&P Pension Plan and MM&P Adjustable Pension Plan, as well as non-parties MM&P Health and Benefit Plan, MM&P Vacation Plan, MM&P Individual Retirement Account Plan, MM&P Maritime Advancement, Training, Education, and Safety Program, MM&P Joint Employment Committee, and Maritime Institute for Research and Industrial Development) and the MEBA Benefit Plans (consisting of Plaintiff MEBA Pension Trust – Defined Benefit Plan, as well as non-parties MEBA Medical and Benefit Plan, MEBA Pension Trust – 401(k) Plan, MEBA Pension Trust – Money Purchase Benefit Plan, MEBA Training Plan, MEBA Joint Employment Committee, MEBA Vacation Plan and American Maritime Congress).

76. The Pension Plans deny the allegations in Paragraph 76.

77. The Pension Plans admit only that representatives for SEACOR and the Debtors stated they would not participate in the Pension Plans after Debtors' reorganization. The remaining allegations in Paragraph 77 are denied.

78. Upon information and belief, the Pension Plans admit that the Debtors, SEACOR and the Unions engaged in collective bargaining negotiations in 2016. The remaining allegations in Paragraph 78 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents. The remaining allegations in Paragraph 78 are denied.

79. The Pension Plans admit the allegations in Paragraph 79.

80. The Pension Plans admit only that representatives for SEACOR and the Debtors stated they would not participate in the Pension Plans after Debtors' reorganization. The Pension Plans lack information regarding the remaining allegations in Paragraph 80 and they are therefore denied.

81. The Pension Plans deny the allegations in Paragraph 81.

82. The Pension Plans deny the allegations in Paragraph 82.

83. The Pension Plans deny the allegations of Paragraph 83.

84. The allegations in Paragraph 84 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents. Any remaining allegations in Paragraph 84 are denied.

85. The allegations in Paragraph 85 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

86. The allegations in Paragraph 86 purport to quote or paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents and therefore deny all allegations in Paragraph 86.

87. The Pension Plans deny the allegations in Paragraph 87.

88. The Pension Plans deny the allegations in Paragraph 88.

89. The Pension Plans deny the allegations in Paragraph 89.

90. The Pension Plans deny the allegations in Paragraph 90.

91. The allegations in Paragraph 91 are admitted.

92. The allegations in Paragraph 92 are admitted.

93. The allegations in Paragraph 93 are admitted.

94. The allegations in Paragraph 94 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

95. The allegations in Paragraph 95 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

96. The allegations in Paragraph 96 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

97. The allegations in Paragraph 97 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

98. The allegations in Paragraph 98 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

99. The allegations in Paragraph 99 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents.

100. The allegations in Paragraph 100 purport to paraphrase one or more written documents that speak for themselves. The Pension Plans deny that Defendant CG Railway accurately or completely described and/or quoted those documents. The remaining allegations of Paragraph 100 are denied.

## **COUNT I: COUNTERCLAIM FOR DECLARATORY JUDGMENT**

101. In response to Paragraph 101, the Pension Plans incorporate their responses to Paragraphs 67 through 100 as if they were fully set forth herein.

102. The allegations set forth in Paragraph 102 constitute legal conclusions to which no response is required. To the extent a response is required, the Pension Plans admits the allegations in Paragraph 102.

103. The allegations of Paragraph 103 are denied.

104. Paragraph 104 requests legal relief to which no response is required. To the extent a response is required, the Pension Plans deny the allegations in CG Railway's requests.

105. Paragraph 105 requests legal relief to which no response is required. To the extent a response is required, the Pension Plans deny the allegations in CG Railway's requests.

## COUNT II: COUNTERCLAIM FOR INJUNCTION

106. In response to Paragraph 106, the Pension Plans incorporate their responses to Paragraphs 67 through 105 as if they were fully set forth herein.

107. The allegations in Paragraph 107 are denied.

108. The allegations in Paragraph 108 are denied.

109. The allegations in Paragraph 109 are denied.

110. The allegations in Paragraph 110 are denied.

111. Paragraph 111 requests legal relief to which no response is required. To the extent a response is required, the Pension Plans deny the allegations in CG Railway's requests.

112. The allegations in Paragraph 112 are denied.

113. Paragraph 113 requests legal relief to which no response is required. To the extent a response is required, the Pension Plans deny the allegations in CG Railway's requests.

## PRAYER FOR RELIEF

114. The Prayer for Relief requests legal relief to which no response is required. To the extent a response is required, the Pension Plans deny the allegations in CG Railway's requests.

## FIRST AFFIRMATIVE DEFENSE

115. CG Railway's claims, in whole or in part, fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

116. CG Railway's claims are barred due to estoppel.

**WHEREFORE**, the Plaintiffs respectfully request that Defendant CG Railway, LLC's Counterclaim be denied and that the Court grant any and all additional relief that may be just and proper.

Dated:  April 16, 2019   */s/ Christopher M. Leins*
Barry S. Slevin
Jeffrey S. Swyers (*pro hac vice*)
Christopher M. Leins (*pro hac vice*)
Slevin & Hart, P.C.
1625 Massachusetts Ave., N.W., Suite 450
Washington, DC  20036
(202) 797-8700
Fax:  (202) 234-8231
bslevin@slevinhart.com
jswyers@slevinhart.com
cleins@slevinhart.com
*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2019, the foregoing Answer and Affirmative Defenses to Defendant CG Railway, LLC's Counterclaim was served via ECF which will provide notice of filing to all counsel of record in this adversary proceeding.

*/s/ Christopher M. Leins*
Christopher M. Leins

20723599v1